FILED
2005 Dec-14  PM 02:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ROSETTA G. FLOWERS and STANLEY GODWIN, | ] ] ] |
| Plaintiffs, | ] ] |
| vs. | ] CV05-CO-02317-W ] |
| EXXONMOBIL CORPORATION, | ] ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration plaintiffs Rosetta G. Flowers and Stanley Godwin's Motion for Permanent Injunction under the All Writs Act, 28 U.S.C. § 1651(a) ("All Writs Act"), filed on November 16, 2005.  (Doc. 4.) Along with ExxonMobil, Intervenor's Aline Moye, Ruthie Jane Smith (as Special Conservator of Aline Moye), Wendell U. Wearren, and Lester Jackson Watson, Jr. (hereinafter collectively referred to as "Intervenors") oppose Plaintiffs' motion for an injunction.  (Docs. 11, 12, & 19.)  The issues raised in Plaintiffs' motion have been briefed by the parties and the Court

conducted a hearing regarding the motion on December 8, 2005. The issues are now ripe for decision, and upon full consideration of the legal arguments and evidence presented, Plaintiffs' motion is due to be denied.

II.     Facts.

On January 26, 1998, Ms. Moye commenced the action entitled *Aline Moye, etc, et al. v. ExxonMobil Corporation, et al.*, Civil Action No. CV-98-20, presently pending in the Circuit Court of Monroe County, Alabama. (Doc. 12.) The *Moye* action alleged claims against ExxonMobil arising out of its royalty calculation practices with respect to gas and gas substances produced from the Big Escambia Creek Field in Escambia County, Alabama. *Id*. at 1-2. On March 24, 2003, the Monroe County Circuit Court certified a voluntary, opt-out litigation class of royalty owners in BEC, pursuant to Ala. R. Civ. P. 23(a) and 23(b)(3). *Id*. In May 2005, the intervenors in this case and ExxonMobil reached a proposed class-wide settlement agreement. *Id*. The Monroe County Circuit Court then entered an order preliminarily approving the settlement and conditionally certifying a settlement class. *Id*.

The two plaintiffs in the case before the Court are objectors to the proposed settlement agreement in *Moye*. *Id*. at 2-3.  Plaintiffs filed their Complaint in this action alleging federal antitrust price fixing claims against ExxonMobil on November 10, 2005.  (Doc. 1.)  They seek an injunction from this Court under the All Writs Act barring ExxonMobil from proceeding with the proposed class action settlement in *Moye v. ExxonMobil*. *Id*.  If the proposed settlement agreement is approved by the Circuit Court, endorsers of the settlement checks would apparently be agreeing to a general release of all claims against ExxonMobil arising out of its calculation, payment, and reporting of royalties on natural gas produced from BEC and on all substances extracted from such gas.  (Doc. 12, p. 4.)  Plaintiffs contend that the release language would not only cover the state claims pending before the Circuit Court in *Moye*, but would also cover federal antitrust claims brought by them in the case at hand.  ExxonMobil asserts that its intent in drafting the broad release is to "buy total peace."  The *Moye* action is set for a fairness hearing on December 20, 2005.

III.   Discussion.

Plaintiffs argue that under the All Writs Act, the Court should enjoin ExxonMobil from settling the exclusively federal claims pending in the case. (Doc. 8, p. 3.)  They argue that ExxonMobil, by the release language, is trying to obtain what they cannot achieve in the state court: a release of the exclusively federal claims in this case.  *Id*. at 8.  Plaintiffs argue further that Ms. Moye cannot adequately protect, or vindicate the federal rights conferred by the Sherman and Clayton Antitrust Acts.  *Id*. at 10.

The All Writs Act provides: "The Supreme Court and all Courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  The Act is a "codification of the federal court's traditional, inherent power to protect the jurisdiction they already have, derived from some other source."  *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099 (11th Cir. 2004).  An injunction issued under the All Writs Act "is predicated upon some other matter upon which the district court has jurisdiction."  *Id*. at 1100.  Because an injunction under the Act is predicated upon "entirely separate concerns,"

the requirements for a traditional injunction do not have to be met. *Id.* By allowing the courts to protect their jurisdiction, the Act allows them to "safeguard" both ongoing and future proceedings, as well as orders and judgment that have already been issued. *Id.* (citing *Wesch v. Folsom*, 6 F.3d 1465, 1470 (11th Cir. 1993).

The Eleventh Circuit has stated that "[t]he question of whether to stay proceedings in a state court is never one to be taken lightly, as it impinges on the very delicate balance struck between the federal and state judicial systems." *Wesch*, 6 F.3d at 1469. Under the Anti-Injunction Act, a federal court cannot "grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The United States Supreme Court has clarified the Act by holding that "[i]t is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287 (1970). Therefore, this Court is "presumptively barred" from issuing the injunction sought by Ms. Flowers

and Mr. Godwin unless it fits within one of the three exceptions to the Anti-Injunction Act, which, according to the Eleventh Circuit, are to be narrowly construed.  *See Transouth Financial Corporation v. Bell*, 149 F.3d 1292, 1296 (11th Cir. 1998).  *See also Lawrence v. Household Bank (SB), N.A.*, 343 F. Supp. 2d 1094, 1098 (M.D. Ala. 2004).

In an *in personam* action, such as this case, a federal court may not enjoin pending state court proceedings over the same subject matter even if the state court might rule first and deprive the federal court of the ability to resolve the matter because of *res judicata*.  *See Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 642 (1977); *Klay*, 376 F.3d at 1103 n. 15 (quoting Erwin Chemerinsky, *Federal Jurisdiction* § 14.2, at 842-43 (4th ed. 2003)).  The Supreme Court has clearly held that an injunction is not appropriate simply because a state court should be prevented from disposing of claims brought under federal law.  *Atlantic Coast R.R.*, 398 U.S. at 294.  Also, when concurrent jurisdiction exists in both the state and federal courts and the cases arise out of the same transaction or occurrence, "neither forum should interfere with the other's exercise of jurisdiction."  *Transouth*, 149 F.3d at 1297.

Plaintiffs rely on the "aid of its jurisdiction" exception to the Anti-Injunction Act. However, "the question of whether proceedings in a State court threaten a district court's jurisdiction over concurrently ongoing proceedings arises under both the All Writs Act and Anti-Injunction Act, and the answer is necessarily the same for both." *Klay*, 376 F.3d 1103 n. 16. As pointed out by Judge Thompson in *Lawrence*, the Supreme Court has provided two helpful "guideposts" for applying this exception. "First, a federal court does not have inherent power to ignore the limitations of [§] 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear." *Atlantic Coast R.R.*, 398 U.S. at 294. "Second, . . . it is not enough that the requested injunction is related to [a federal court's] jurisdiction, but it must be . . . necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Id*. at 295.

The "aid of [] jurisdiction" exception has been applied to *in rem* proceedings, as well as *in personam* cases involving highly complex, usually multi-district, litigation where the state court proceedings threaten to upset the work of the district court. *See, e.g., In re Diet Drugs*, 282 F.3d 220, 239 (3d Cir. 2002); *Battle v. Liberty Nat. Life Ins. Co.*, 877 F.2d 877, 880-82 (11th Cir. 1989). For example, in *Transouth*, the Eleventh Circuit held that where a district court orders arbitration, an injunction prohibiting the state court from proceeding may be appropriate because the state court proceedings could jeopardize the district court's ability to rule on the validity of the arbitration proceedings. *Transouth*, 149 F.3d at 1297. It does not appear that any federal court has applied the exception to *in personam* actions that do not involve complex facts, such as multi-district litigation and arbitration proceedings.

As the intervenors have pointed out, the *Moye* litigation has little in common with *Diet Drugs, Battle,* or *Transouth*. (Doc. 12, p. 7.) *Moye* has been litigated for almost eight years, and this case was filed three days after a scheduled fairness hearing of the proposed settlement agreement. No substantial work has been completed in the case pending before this

Court, meaning that there is no judicial work that can be undone by the pending state court case. This case certainly does not involve multi-district litigation, and there is not a certified class. The fact that release language in the *Moye* settlement may destroy this Court's jurisdiction is simply not enough to justify the issuance of an injunction under the All Writs Act.

Plaintiffs rely heavily on the Fifth Circuit case of *In re Lease Oil Antitrust Litigation*, 200 F.3d 317 (5th Cir. 2000), which involved the proposed settlement of all claims, including federal antitrust claims, by the class against Mobil Oil in an Alabama State court. The issue in that case was whether Alabama courts would preclude the federal antitrust suit following a settlement that patently released those claims. *Id*. at 320. The Fifth Circuit affirmed the decision of the district court, which denied the defendant's motion to dismiss and preliminarily enjoined the parties from settling federal claims in other cases without its prior approval. *Id*. The Court held:

> Because federal antitrust claims are within the exclusive jurisdiction of the federal courts, those claims could not have been litigated in the Alabama suit. Given current Alabama law requiring jurisdictional competency as a condition to the

> preclusive bite of res judicata, the Alabama judgment approving the settlement entered by its state court . . . does not bar the federal action under that doctrine.

*Id*. at 321. (internal citations omitted)  The decision reached in *Lease Oil* centered on the application of the Full Faith and Credit Act and whether the federal court was required to afford full faith and credit to the judgment of the state court in approving the settlement in the parallel case.  After the federal antitrust class action was filed, other plaintiffs filed a class action in Alabama State court alleging only state law claims.  *Id*. at 318.  The plaintiffs in the state law action reached a settlement with the defendants, which included a release of all existing federal claims of the nationwide class.  *Id*. at 319.  Once the settlement was approved, Mobil Oil filed a motion to dismiss the federal court action.  *Id*.  The parties in *Lease Oil* did not seek an injunction under the All Writs Act, and the federal court did not discuss whether such an injunction would be proper under the Anti-Injunction Act.  The district court entered a preliminary injunction to prevent the parties in other cases from settling the federal claims that were pending in *Lease Oil*. *Id*.  That injunction was broad-based and rooted in the

motion to dismiss. In the case at bar, Ms. Flowers and Mr. Godwin filed the federal antitrust action three days after a scheduled fairness hearing in *Moye*. If anything, *Lease Oil* weighs against the issuance of an injunction at this point in the case.

*Lawrence* involved facts virtually identical to the facts in this case. 343 F. Supp. 2d 1094. The plaintiffs were members of a proposed settlement class in a California State court action, and they filed a federal claim based upon the same subject matter. *Id*. The plaintiffs moved for an order enjoining the defendants from settling the federal law claims on a class-wide basis in the state court action. *Id*. at 1097. Judge Thompson rejected the plaintiffs' argument that the federal court had the authority to enjoin the state court settlement because it would interfere with the federal court's ability to resolve the federal law claims before it. *Id*.

The case before the Court is definitely one involving *in personam* jurisdiction, and, therefore, it is outside of the "in aid of [] jurisdiction" exception. While the settlement requires a release that affects the federal claims pending in this case, Plaintiffs are free to opt out of the class and continue to pursue their federal claims before this Court. As the Eleventh

Circuit made clear in *Klay*, the mere fact that the release language may deprive this Court of its jurisdiction is not enough to warrant the issuance of an injunction under the All Writs Act.  Therefore, this Court does not have the authority to issue the injunction sought by Plaintiffs.

Like the plaintiffs in *Lawrence*, if Ms. Flowers and Mr. Godwin feel that the *Moye* settlement is too broad and undervalues their claims, then, as members of the proposed settlement class in *Moye*, they can object to the settlement and pursue their argument in the Alabama State courts.  The intervenors noted at the hearing in Tuscaloosa that Ms. Flowers and Mr. Godwin's objections have yet to be heard by the Monroe County Circuit Court.  The *Moye* settlement is very much an active matter to be considered by the state court on December 20, 2005, at the fairness hearing.  Therefore, Plaintiffs are not without a forum to voice their objections to the proposed release language.

IV.   Conclusion.

For the reasons stated above, Plaintiffs' Motion for Injunction Under the All Writs Act is due to be denied.  (Doc. 4.)

Done this <u>14th</u> day of <u>December 2005</u>.

                                              _____
                                              L. SCOTT COOGLER
                                              UNITED STATES DISTRICT JUDGE
                                                           124153